UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. CLAIRE R. KELLY

-----------------------------------------------------------------X

RETRACTABLE TECHNOLOGIES, INC.,

                                Plaintiff,

               v.

UNITED STATES OF AMERICA;
OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE;
KATHERINE TAI in her official capacity as U.S. TRADE REPRESENTATIVE; UNITED STATES CUSTOMS & BORDER PROTECTION; TROY MILLER, in his capacity as SENIOR OFFICIAL PERFORMING THE DUTIES OF COMMISSIONER, U.S. CUSTOMS & BORDER PROTECTION,

                              Defendants.

Court No. 24-00185

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF RETRACTABLE'S MOTION TO QUASH PRE-HEARING DEPOSITION SUBPOENA

Pursuant to Court of International Trade Rules ("Rule" or "Rules") 45(d)(3), Plaintiff Retractable Technologies, Inc. ("Retractable") respectfully submits this memorandum of law and the accompanying Declaration of Siddartha Rao ("Rao Decl.") in support of Retractable's motion to quash Defendants' (the "Government") October 8, 2024 subpoena *ad testificandum* seeking a Rule 30(b)(6) deposition on October 10, 2024. Rao Decl. Ex. D (the "30(b)(6) Deposition Subpoena"). The Court of International Trade (the "Court") should quash the 30(b)(6) Deposition Subpoena as it fails to provide a reasonable time to comply and places an undue burden on Retractable. Moreover, the Government does not have a substantial need for duplicative testimony that it can obtain at the hearing scheduled for October 16, 2024.

I.  **PROCEDURAL HISTORY AND PRELIMINARY STATEMENT**

On September 27, 2024, Retractable commenced this matter seeking a temporary restraining order and preliminary injunction on the imposition of tariffs for Harmonized Tariff Schedule of the United States ("HTSUS") subheadings 9018.31.00 and 9018.32.00, by filing a summons and complaint and motion papers on September 27 and 28, 2024.  The parties held a conference before the Court on September 28, 2024 during which the Court heard initial arguments and ordered an evidentiary hearing.  After further discussion among counsel, the Court entered a scheduling order that required, *inter alia*: that (1) the Government file a response to Retractable's motion no later than 5 p.m. on Friday, October 11, 2024; (2) a hearing be held on Wednesday, October 16, 2024 (the "Hearing"); and (3) the parties submit a list of witnesses and the subject of their testimony as well as any exhibits the parties may use no later than 5 p.m. on Wednesday, October 9, 2024.  [Dkt. 22].

On Thursday, October 3 the Government's counsel emailed a document subpoena, stating in the body of the email that she wanted to take a deposition on October 14, 2024 (a Federal holiday).  Rao Decl. Ex. A.  In a meet and confer, Retractable's counsel agreed to accept service of the document subpoena, and reserved rights regarding any deposition notice.  *Id.*  (The parties have largely resolved the issues concerning the document subpoena through further meet and confer calls, though Retractable maintains objections to at least one of the four requests).

That evening, the Government served a notice of 30(b)(6) deposition, seeking corporate testimony on various topics. The first topic seeks testimony on the quantity and value of all of Retractable's imports over a five-year period.  Notably, this is information the United States has in Customs and Border Protection's Automated Commercial Environment.  The Government also seeks the quantity and value of merchandise under HTSUS subheadings 9018.31.00 or

1

9018.32.00 that Retractable intends to import over the coming year; Federal Government funds provided to Retractable over a five-year period; Retractable's current domestic production, including the quantity of merchandise produced for a five year period; product lines produced in the United States; the availability of domestic manufacturing resources to produce product lines currently imported from China; and the impact of the Section 301 duties. Rao Decl. Ex. B.

The next day, Retractable objected, stating in relevant part:

> plaintiff has already provided declarations from its witnesses . . . and . . . Judge Kelly has scheduled an evidentiary hearing specifically to afford the government a full opportunity to cross examine our witnesses, we are objecting to a pre-hearing deposition as not proportional to the needs of the case at this preliminary stage of the proceedings. We are not accepting service of same. (Separately, we note that the 14th is a Federal holiday). We understand that you may serve a subpoena and if so, we intend to move to quash.

Rao Decl. Ex. C. Earlier today, the Government served a deposition subpoena, seeking a deposition on October 10, 2024, i.e. in two days. Rao Decl. Ex. D (the "30(b)(6) Subpoena"). Counsel met and conferred at 3pm this afternoon. Retractable explained that it is unduly burdensome to engage in a 30(b)(6) deposition given the small size of its management team, the lack of a single individual knowledgeable on all noticed topics, and the need to prepare for the evidentiary hearing. The Government maintained its entitlement to a pre-hearing deposition pursuant to the 30(b)(6) Subpoena. This motion to quash follows.

## II.   THE COURT SHOULD QUASH THE SUBPOENA UNDER RULE 26

Rule 26 governs discovery in this Court. It specifically states that discovery shall be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit." Rule 26(b)(1).

2

Here, the Court ordered an evidentiary hearing on October 16, 2024, and has thereby given the Government a full opportunity to examine Retractable's witnesses and test the allegations in Retractable's motion for preliminary injunction. Rule 26 also provides for discovery to be "limited by court order." *Id.* The 30(b)(6) Subpoena seeks duplicative testimony that the Government can and will obtain at the Hearing. Engaging in a 30(b)(6) deposition and an evidentiary hearing in the next five business days is not "proportional to the needs of the case" nor does it consider "the parties' resources." Rule 26(b)(1). Moreover, the Court's scheduling order [Dkt. 22] requires the parties exchange certain information and on specific deadlines. The Government's 30(b)(6) Subpoena seeks discovery outside of the Court's order, and therefore outside the scope of discovery provided in Rule 26(b)(1) (for that matter, the Government's document subpoena also seeks discovery beyond the Court's scheduling order).

### III. THE COURT SHOULD QUASH THE SUBPOENA UNDER RULE 45

Setting aside these Rule 26, concerns, Rule 45 requires that the Court "must quash or modify" a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Rule 45(d)(3)(A)(i) and (iv). Indeed, "the statutory prerequisite in Rule 45(e)" (concerning compliance) "'shall be construed to secure the just, speedy, and inexpensive determination' pursuant to Rule 1 of the Rules" of this Court. *United States v. Daewoo Int'l (America) Corp.*, 13 C.I.T. 331, 333 (CIT 1989). Here, compliance with the 30(b)(6) Subpoena does not secure a speedy or inexpensive determination, instead unnecessarily multiplying proceedings. *See also*, *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1023 (Fed. Cir. 1986) (holding a district court may quash or modify a subpoena if it finds that granting such discovery would be "unreasonable and oppressive." interpreting analogous Federal Rule of Civil Procedure).

3

On its face, the 30(b)(6) Subpoena does not "allow a reasonable time to comply" as it seeks a deposition a mere two days after service. *See, e.g.*, *Iconlab Inc. v. Valeant Pharms. Int'l (In re Third Party Subpoena to Malyugin)*, 310 F. Supp. 3d 3, 5 (D.C. Cir. 2018) ("Two days' notice is plainly unreasonable."). Even considering the date of service to be after 7 pm on October 3 (per the rejected 30(b)(6) Deposition Notice), this still requires compliance in less than one week. This is not sufficient time to prepare a 30(b)(6) witness. Indeed, "Federal courts have also found compliance times of eight and seven days not to be reasonable." *See, e.g. Brown v. Hendler,* 2011 U.S. Dist. LEXIS 9476, *5 (S.D.N.Y. January 31, 2011) (quashing subpoena served with nine days' notice for compliance); *Collier v. Harland Clarke Corp.*, 379 F. Supp. 3d 1191, 1212 (N.D. Al. 2019) (quashing subpoena served "eight days before the discovery deadline").

Separately, the subpoena imposes an undue burden on Retractable. This Court has ordered an evidentiary hearing on October 16, 2024, and the preparation of witnesses to testify at that Hearing is understandably a significant endeavor, requiring time. To also ask Retractable (a small company) to prepare a 30(b)(6) deponent on a two-day timeline is plainly burdensome and unreasonable. Moreover, the Government cannot show a "substantial need" for this duplicative testimony that cannot be otherwise met without undue hardship. Rule 45(d)(C)(i). Here, the Government can examine Retractable's witnesses at the Hearing concerning the topics noticed in its 30(b)(6) Subpoena. Therefore, the Court should quash the 30(b)(6) Subpoena (rather than modify it).

Granting this motion does not create any undue burden or prejudice to the Government. The preliminary relief Retractable seeks is that this Court enjoin Customs from collecting Section 301 duties unless and until it is finally determined that the United States followed required

4

statutory procedures before imposing the duties. An injunction merely preserves the *status quo ante*. Until liquidation of the entries, which occurs approximately 314 days after the date of entry, Customs can rate advance the entries and, should the injunction be denied (or a merits decision be in the Government's favor), collect duties properly imposed on Retractable's imported syringes and needles. Should the Court find the duties were imposed in violation of the APA or the modification provisions of Section 301, 19 U.S.C. § 2417, the Court can lift the injunction for unliquidated entries if and when the United States cures any defects in the process.

## IV.   CONCLUSION

For the reasons stated above, this Court should quash Defendant's Subpoena, award Retractable its attorneys' fees in making this application, and grant such other and further relief as it deems just and proper.

Dated: October 8, 2024
       New York, New York

Respectfully submitted,

| | |
|---|---|
| **ROMANO LAW PLLC** | **BARNES RICHARDSON & COLBURN, LLP** |
| By: /s/Siddartha Rao | By: /s/Lawrence M. Friedman |
|     Siddartha Rao |     Lawrence M. Friedman |
| One Battery Park Plaza, 7th Floor | 303 East Wacker Drive Ste. 305 |
| New York, NY 10004 | Chicago, IL 60601 |
| Phone: (212) 865-9848 | Phone: (312) 297-9554 |
| Email: sid@romanolaw.com | Email: lfriedman@barnesrichardson.com |
| *Lead counsel for Plaintiff* | *Local Counsel for Plaintiff* |
| *Retractable Technologies, Inc.* | *Retractable Technologies, Inc.* |