UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **RETRACTABLE TECHNOLOGIES, INC.,**<br><br>    **Plaintiff,**<br>v.<br><br>**UNITED STATES, ET AL.,**<br><br>    **Defendant.** | **Before: Claire R. Kelly, Judge**<br><br>**Court No. 24-00185** |

## ORDER

Before the Court is Retractable Technologies, Inc.'s motion to quash the pre-hearing deposition subpoena by the United States et al. ("Defendant"). See generally Pl. Memorandum in Support of Mot. to Quash Pre- Hearing Depo. Subpoena at 1, October 8, 2024, ECF No. 24 ("Pl. Mot. to Quash"). For the reasons that follow, the Plaintiff's motion to quash the pre-hearing deposition subpoena is denied.

United States Court of International Trade ("USCIT") Rule 26 governs discovery in this Court. See generally USCIT R. 26. Discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit." USCIT R. 26(b)(1). The Court must limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

**Court No. 24-00185**

seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." USCIT R. 26(b)(2)(C)(i-iii). USCIT Rule 45 governs subpoenas in this Court. See generally USCIT R. 45. The party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing "undue burden or expense" on the party subject to the subpoena. USCIT R. 45(d)(1). The Court must quash a subpoena if it "fails to allow reasonable time to comply" or if it "subjects a person to undue burden." USCIT R. 45(d)(3)(i, iv).

Motions concerning expedited discovery are "routinely considered either during a Court's consideration of motions for a preliminary injunction or temporary restraining order, or directly before such motions in order to prepare for a preliminary injunction argument." RelaDyne Reliability Servs. Inc. v. Bronder, No. 2:20CV377, 2020 WL 5745801, at *1 (E.D. Va. Aug. 4, 2020) (quoting ForceX, Inc. v. Tech. Fusion, LLC, No. 4:11cv88, 2011 WL 2560110, at *5 (E.D. Va. Jun. 27, 2011)). USCIT Rule 26, like Federal Rule of Civil Procedure ("FRCP") 26, gives a trial Court broad discretion to oversee the discovery process and since expedited discovery is not the norm, the party seeking expedited discovery must make some prima facie showing of the need for the expedited discovery. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Courts assess whether a party is entitled to expedited discovery using a good cause or reasonableness standard. Wachovia Secs., LCC v. Stanton, 571 F.Supp.2d 1014, 1049 (N.D. Iowa, 2008) (quoting Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group,

**Court No. 24-00185**

Inc., 2003 WL 23350128 at *1, n. 7 (W.D.N.Y.2003) (slip op.). The good cause standard balances the need for expedited discovery in the administration of justice, against the prejudice to the responding party. Id. at 1049-50. Further, where expedited discovery is sought in preparation of a preliminary injunction hearing, the discovery request should be examined "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." Merrill Lynch, 194 F.R.D. at 624. If the scope of the expedited discovery is "limited and focused" to prepare for a preliminary injunction hearing, the party against whom the discovery is sought will not be prejudiced. Wachovia, 571 F.Supp.2d at 1050.

Here, the Defendant's request for expedited discovery is reasonable and for good cause. Plaintiff filed its complaint and motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") two days prior to the United State Trade Representative ("USTR") tariff action at issue in this case taking effect. See generally Compl., Sept. 26, 2024, ECF No. 4; Pl. Mot. TRO and PI, Sept. 26, 2024, ECF No. 5; see also Aff. Siddartha Rao at ¶ 13, Sept. 26, 2024, ECF No. 9. Plaintiff was on notice of the challenged tariff on September 13, 2024, and filed its complaint in this case 13 days later, on September 26, 2024. See Aff. Siddartha Rao at ¶ 3-5. In this instance, Plaintiff's counsel was served a notice of Defendant's Rule 30(b)(6) deposition on October 3, 2024. Pl. Mot. to Quash at 1. Plaintiff filed its motion to quash the pre-hearing deposition subpoena on October 8, 2024, five days after it was served by the Defendant. See generally Pl. Mot. to Quash.

**Court No. 24-00185**

Plaintiff argues that the subpoena imposes an "undue burden" on it given that there is a Court-ordered evidentiary hearing scheduled for October 16, 2024, and the preparation for that hearing is "understandably a significant endeavor." Pl. Mot. to Quash at 4. Plaintiff does not explain the basis for its belief that preparation of its witnesses for a deposition would be "burdensome and unreasonable." Pl. Mot. to Quash at 4. Defendants request to depose Plaintiff's regarding:

> (1) The quantity and value of Retractable's imports under Harmonized Tariff Schedule of the United States (HTSUS) subheadings 9018.32.00, from 2019 to the present, (2) The quantity and value of Retractable's imports under other HTSUS Codes from 2019-present, (3) The quantity and value of merchandise under HTSUS subheadings 9018.31.00 or 9018.32.00 that Retractable intents to import over the coming year, (4) Federal Government funds provided to Retractable from 2019 to present, (5) The scope of Retractable's current domestic production, including the quantity of the merchandise produced from 2019 to the present, and product lines produced in the United States, (6) Retractable's ability to use existing domestic manufacturing resources to produce product lines currently imported from China, (7) Retractable's business options assuming it must pay the Section 301 duties.

Rule 30(b)(6) Notice of Deposition, Oct. 8, 2024, ECF No. 24-6. It is unclear to the Court how these lines of questioning impose an "undue burden on Retractable," as they are relevant to both the evidentiary hearing as well as the Defendant's preparation for the evidentiary hearing. See Pl. Mot. to Quash at 4. However, it is reasonable, given the Court's interest in having a full and fair hearing, to allow the Defendant to adequately prepare for the evidentiary hearing. Further, the testimony at the deposition is not duplicative, as it gives the defendant the ability to prepare for the evidentiary hearing by clarifying matters "outside" its knowledge. See Wachovia, 571 F.Supp.2d at 1050 (explaining that it is not prejudicial to allow for focused

**Court No. 24-00185**

expedited discovery in preparation of a preliminary injunction hearing when the movant will be able to clarify matters outside her knowledge). If the Plaintiff finds it is unable to adequately prepare for the deposition, then the Plaintiff may make a motion to reschedule the evidentiary hearing.

Therefore, it is

**ORDERED** that Plaintiff's motion to quash the pre-hearing deposition subpoena is DENIED; and it is further

**ORDERED** that if the Plaintiff wishes to reschedule the evidentiary hearing to allow more time to prepare for the deposition, it will inform the Court no later than 3 p.m. tomorrow, October 10, 2024, either by motion or by contacting the case manager Mr. Taronji of its intent to move to reschedule.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: October 9, 2024
      New York, New York