IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, *et al.* ) <br> ) <br> ) <br> Defendants. ) | Court No. 24-00185 |

**DEFENDANTS' NOTICE OF STIPULATION AND
MOTION TO REVISE PRELIMINARY INJUNCTION**

Pursuant to the Court's preliminary injunction order, ECF No. 62, defendants, the United States, *et al.*, respectfully notify the Court that they stipulate to refund any duties found to have been unlawfully collected for subject entries after a final and unappealable decision has been issued, as detailed below and in the proposed order. This stipulation reflects the most administrable approach to ensure the availability of judicial relief for Retractable's claims—as ordered by the preliminary injunction. Pursuant to Rule 54(b) of this Court's rules, we respectfully request that the Court revise the preliminary injunction order to reflect the defendants' stipulation, consistent with the approach taken in the amended order issued in *In re Section 301 Cases*. *See* Order, *In re Section 301 Cases*, Ct Int'l Trade No. 21-00052, ECF No. 408.

We have conferred with counsel for plaintiff, Retractable Technologies, Inc. (Retractable), regarding the relief requested in this motion and, on November 8, 2024, Lawrence Friedman, counsel for Retractable, indicated that Retractable consents to the proposed order attached to this motion.

**BACKGROUND**

On September 18, 2024, the United States Trade Representative, subject to the specific direction of the President, modified the prior actions taken under section 301 of the Tariff Act of 1974, by increasing or adding duties on hundreds of products, including a 100 percent duty on certain needles and syringes from China.  *Notice of Modification: China's Acts, Policies and Practices Related to Technology Transfer, Intellectual Property and Innovation* (*September 18 Modification Notice*), 89 Fed. Reg. 76,581-02 (Sept. 18, 2024).  Retractable imports needles and syringes from China.  On September 26, 2024, Retractable filed a complaint and motion for preliminary injunction seeking to enjoin collection of section 301 duties and to enjoin liquidation of its entries during the pendency of this litigation.  *See* Order at 1-2, ECF No. 62 (describing procedural history).  The Court held an evidentiary hearing on October 17, 2024.  *Id.*

On October 28, 2024, the Court denied Retractable's request to enjoin the collection of section 301 duties and granted Retractable's request to preliminarily enjoin liquidation of entries for which Retractable requested to suspend liquidation.  Order at 22, ECF No. 62.  The Court left open an option for defendants to stipulate to reliquidate or refund section 301 duties for entries for which Retractable requested suspension of liquidation.  *See id.*

**DISCUSSION**

Defendants respectfully request that the Court revise the preliminary injunction to reflect the defendants' stipulation regarding reliquidation or refund of section 301 duties on Retractable's subject entries made during the pendency of the case.  Defendants' stipulation offers the most administrable approach to ensure the availability of judicial relief for Retractable's claims—consistent with the preliminary injunction issued in this case.  *See* Order at

22, ECF No. 62.  This request also aligns with the Court's orders in *In re Section 301 Cases*, Ct. Int'l Trade 21-00052, and is in the interests of justice.

I.   The Court Has Authority To Modify An Interlocutory Order As Justice Requires

Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." R. Ct. Int'l Trade. 54(b) (emphasis added).  "A court may reconsider a non-final judgment, pursuant to USCIT Rule 54 *as justice requires*, meaning when the court determines that reconsideration is necessary under the relevant circumstances." *Perry Chem. Corp. v. United States*, 415 F. Supp. 3d 1260, 1265 (Ct. Int'l Trade 2019) (quoting *Irwin Indus. Tool Co. v. United States*, 269 F. Supp. 3d 1294, 1300–01 (2017), *aff'd*, 920 F.3d 1356 (Fed. Cir. 2019); *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)) (internal quotation marks omitted and emphasis added).

Consistent with this standard, Courts also have "inherent power and the discretion to modify injunctions for changed circumstances." *Aimcor, Ala. Silicon, Inc. v. United States,* 83 F. Supp. 2d 1293, 1299 (1999) (citing *Sys. Fed'n No. 91 v. Wright,* 364 U.S. 642, 647 (1961)).

II.   The Interests Of Justice Support Revising The Preliminary Injunction To Reflect Defendants' Stipulation Regarding Reliquidation Of Plaintiff's Entries And Refund Of Section 301 Duties

Similar to the approach in the *In re Section 301 Cases*, defendants stipulate that they will refund any section 301 duties found, in a final and unappealable decision, to have been unlawfully collected for subject entries during the pendency of the case, with the understanding that the term "subject entries" refers to all entries for which Retractable Technologies, Inc. was

3

the importer of record and that are subject to the section 301 duties on needles and syringes imposed by the *September 18 Modification Notice*, 89 Fed. Reg. 76,581.

It is in the interests of justice to revise the preliminary injunction order to reflect the procedure reflected by this stipulation. As discussed below, the proposed approach is consistent with the procedure followed in the *In re Section 301 Cases*, Ct. Int'l Trade 21-00052. This approach ensures that Retractable may obtain judicial relief in the event the section 301 duties are found to be unlawful in a final and unappealable decision, while at the same time adopting a more streamlined and administrable procedure.

### A. This Court Previously Modified The Preliminary Injunction In The *In Re Section 301 Cases* To Reflect The Defendants' Stipulation

The preliminary injunctive relief ultimately adopted in the *In re Section 301 Cases*, Ct. Int'l Trade No. 21-00052, is instructive in this case. There, the Court issued a preliminary injunction enjoining liquidation of subject entries, *In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1371 (Ct. Int'l Trade 2021), and then revised the injunction following the defendants' stipulation regarding reliquidation, Order, *In re Section 301 Cases*, Ct Int'l Trade No. 21-00052, ECF No. 408.

In the *In re Section 301 Cases*, the Court stated that it was "within the court's power to issue an injunction that requires the Government to suspend liquidation for each entry unless the Government opts to stipulate that it will refund the unlawfully collected duties for that specific entry." *In re Section 301 Cases*, 524 F. Supp. 3d at 1371. Defendants then provided a stipulation regarding reliquidation, and offered language that could be incorporated to modify the injunction:

> ORDERED that in light of Defendants' representation to the Court that it must *accept the option to stipulate to refund any duties found to have been illegally collected for all Subject Entries*, Defendants

4

> shall liquidate those entries in the ordinary course and, should the Court find that the List 3 and/or List 4A duties have been illegally collected, and should that decision become final and conclusive, including all appeals, *Defendant shall reliquidate any Subject Entry in accordance with a final court decision in this case without the assessment of List 3 and List 4A duties or otherwise refund to Plaintiffs such duties, with interest, as provided by law*. This order shall only apply to entries that were unliquidated at the time of the preliminary injunction order, and to entries filed on or after July 6, 2021, and in the event the List 3 and/or List 4A duties are found to have been illegally collected, refunds will only be issued to plaintiffs in the Section 301 Cases that are the importers of record who paid the List 3 and/or List 4A duties.

Joint Status Report at 2, *In re Section 301 Cases*, Ct. Int'l Trade No. 21-00052, ECF No. 406 (emphasis added). Defendants further explained that although "any process for refunding section 301 duties at the conclusion of litigation would be time-consuming and burdensome, CBP has created an ACE report that could be modified to allow plaintiffs to gather and provide to CBP the entry and line level information necessary to effectuate refunds." *Id.* at 3. This "would alleviate a portion of the burden in the event such a process become{s} necessary." *Id.*

After receiving the parties' positions—including defendants' stipulation—the Court entered an amended order on September 8, 2021. Order, ECF No. 408. "Notwithstanding" the prior preliminary injunction order, the Court adopted the uncontested portion of defendants' stipulation regarding reliquidation or refund of duties, ordering that:

> {I}n light of Defendants' representation to the Court that it must accept the option to stipulate to refund any duties found to have been illegally collected for all Subject Entries (as that term is defined in the Preliminary Injunction), *Defendants shall liquidate those entries in the ordinary course and, should the Court find that the List 3 and/or List 4A duties have been illegally collected, and should that decision become final and conclusive, including all appeals, Defendants shall reliquidate any Subject Entry in accordance with a final court decision in this case without the assessment of List 3 and List 4A duties or otherwise refund to Plaintiffs such duties, with interest, as provided by law*. This Order shall only apply to entries

5

>that were unliquidated at the time of the Preliminary Injunction, and to entries entered on or after July 6, 2021{.}

Order at 1-2, *In re Section 301 Cases*, Ct. Int'l Trade No. 21-00052, ECF No. 408 (emphasis added).

>B. Consistent With The Approach In The *In re Section 301 Cases*, The Preliminary Injunction Order Should Be Revised Based On Defendants' Stipulation

Defendants' stipulation in this case merits a similar revision to the preliminary injunction order. The Court's preliminary injunction order parallels, in relevant part, the preliminary injunction granted in the *In re Section 301 Cases*, Ct. Int'l Trade 21-00052. Specifically, the Court issued a preliminary injunction order enjoining defendants, during the pendency of the litigation, from "liquidating any entry for which they receive a request for suspension of liquidation pursuant to this order, unless, within 14 calendar days from the date Defendants receive a request for suspension of liquidation of such entry." Order at 22, ECF No. 62. Nevertheless, the Court allowed "Defendants, at their option, {to} stipulate to refund any duties found to have been illegally collected for that specific entry and notify Plaintiff of such stipulation promptly in writing." *Id.*

Similar to the approach in the *In re Section 301 Cases*, defendants stipulate that they will refund any section 301 duties found, in a final and unappealable decision, to have been unlawfully collected for subject entries, as defined above. In light of this stipulation—and consistent with the approach taken in the *In re Section 301 Cases*, Ct. Int'l Trade No. 21-00052—defendants propose that the Court modify the preliminary injunction by entering the attached proposed order with the following language:

>**ORDERED** that, in light of defendants' stipulation, defendants shall liquidate subject entries in the ordinary course and, should the Court find that the section 301 duties on needles and syringes imposed by *September 18 Modification Notice*, 89 Fed. Reg. 76,581,

6

>have been unlawfully collected on the subject entries, and should that decision become final and conclusive, including all appeals, defendants shall reliquidate any subject entry in accordance with the final court decision in this case without the assessment of any section 301 duties on needles and syringes found to be unlawful, and otherwise refund to Retractable Technologies, Inc., such duties, with interest, as provided by law.

The proposed revision to the preliminary injunction order is in the interests of justice. There are significant administrability challenges associated with both suspending liquidation of Retractable's entries and with an entry-by-entry approach to stipulation. The defendants' stipulation establishes a procedure that accomplishes the aim of the preliminary injunction—ensuring the availability of judicial relief for Retractable's claims—while making the process easier to administer for both parties. Moreover, Retractable consents to the terms of the proposed order.

## **CONCLUSION**

For these reasons, we respectfully request that the Court revise the preliminary injunction to reflect defendants' stipulation regarding reliquidation or refund, as detailed above.

<table>
<tr><td>

OF COUNSEL

MEGAN M. GRIMBALL
PHILIP A. BUTLER
Office of the United States Trade
Representative


EMMA L. TINER
International Trade Litigation
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

November 8, 2024

</td><td>

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

<u>/s/ Emma E. Bond</u>
EMMA E. BOND
Senior Trial Counsel
U.S. Department of Justice, Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-2034
Email: Emma.E.Bond@usdoj.gov

*Attorneys for Defendants*

</td></tr>
</table>

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, *et al.* ) <br> ) <br> ) <br> Defendants. ) | Court No. 24-00185 |

## **ORDER**

Notwithstanding the preliminary injunction order entered by this court on October 28, 2024, ECF No. 62, and recognizing defendants' stipulation they will refund any section 301 duties found, in a final and unappealable decision, to have been unlawfully collected for subject entries during the pendency of the case, with the understanding that the term "subject entries" refers to all entries for which Retractable Technologies, Inc. was the importer of record and that are subject to the section 301 duties on needles and syringes imposed by the *Notice of Modification: China's Acts, Policies and Practices Related to Technology Transfer, Intellectual Property and Innovation* (*September 18 Modification Notice*), 89 Fed. Reg. 76,581 (Sept. 18, 2024), it is hereby:

**ORDERED** that, in light of defendants' stipulation, defendants shall liquidate subject entries in the ordinary course and, should the Court find that the section 301 duties on needles and syringes imposed by *September 18 Modification Notice*, 89 Fed. Reg. 76,581, have been unlawfully collected on the subject entries, and should that decision become final and conclusive, including all appeals, defendants shall reliquidate any subject entry in accordance

2

with the final court decision in this case without the assessment of any section 301 duties on needles and syringes found to be unlawful, and otherwise refund to Retractable Technologies, Inc., such duties, with interest, as provided by law.

Dated:_____, 2024          _____
        New York, New York                                              The Hon. Claire R. Kelly, Judge